IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAVID HOPKINS PLEMONS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:18-cv-00845 |
| ) | Judge Campbell / Frensley |
| WARDEN WASHBURN, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon a Motion to Dismiss filed by Defendant Christopher Brun. Docket No. 27. Along with that Motion, Defendant Brun has filed a supporting Memorandum of Law.

Plaintiff has filed a document entitled "Amendment Fed. R. Civ. P. 8(a)(3) Additional Evidence," the body of which responds to the instant Motion, and which the Court will construe as a Response. *See* Docket No. 30.

Plaintiff filed this pro se, in forma pauperis action pursuant to 42 U.S.C. §1983, alleging, *inter alia*, that while in custody he was beaten and raped; that he informed Defendants Washburn and Brun and requested to be moved to protective custody; that Defendants Washburn and Brun failed to place him in protective custody; and that he was raped again. Docket Nos. 1, 6, 13, 16-1, 18, 30 (Plaintiff's Complaint and all amendments and "additions" thereto). Plaintiff further avers that he requested a rape kit but his request was refused, as was his request for medical assistance. *Id.* Plaintiff additionally avers that: (1) he reported that he had been beaten and raped to the Unit Managers, the Warden, and Defendant Brun; (2) he reported the assault to the

designated hotline; (3) he filed a "PREA" report of the incident; (4) he spoke to the Internal Affairs representative and filed a "more indepth-detailed [*sic*] report"; (5) he wrote a letter about the second attack and gave the letter to Defendants Hoskins and Caster; (6) he wrote and filed a grievance;[1] and (7) he reported the incident to his Case Manager and Counselor. *Id.*

Defendant Brun filed the instant Motion to Dismiss arguing that Plaintiff's Complaint must be dismissed for failure to exhaust his administrative remedies because the grievance he filed was untimely. Docket No. 28.

Defendant Brun is correct that the Prison Litigation Reform Act, 42 U.S.C. §1997e(a) requires Plaintiff to exhaust his administrative remedies prior to filing suit in federal court. Although Defendant Brun alleges in his Motion to Dismiss that Plaintiff filed a grievance in derogation of "TDOC Policy #501.01" and therefore has failed to exhaust his administrative remedies, when considering Defendant Brun's Motion to Dismiss, the Court must accept Plaintiff's well-pled allegations as true. Plaintiff avers that he followed procedures and reported his assaults to the appropriate people. Docket Nos. 1, 6, 13, 16-1, 18, 30 (Plaintiff's Complaint and all amendments and "additions" thereto). At this stage of the proceedings, Plaintiff's well-pled averments are sufficient to defeat Defendant Brun's Motion to Dismiss. Plaintiff's claims should, therefore, be permitted to proceed.

---

[1] Plaintiff has attached to his Complaint a copy of a grievance he filed relating to his being beaten and raped. *See* Docket No. 1, p. 12-18. Plaintiff has additionally attached to his Complaint a copy of the grievance response, which indicated that his grievance was being denied for "Abuse of Grievance Procedure. You can only have one grievance pending at Level 1 for review" and "Grievances must be filed within seven calendar days of the occurrence giving rise to the grievance. A complaint shall not address multiple issues." *Id.* at 11. Plaintiff's grievance was noted as "unable to be processed due to you not following policy" and the Grievance Chairperson wrote: "Contains multiple issues not sure which one you want addressed." *Id.*

2

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

JEFFERY S. FRENSLEY
United States Magistrate Judge