| | |
|---|---|
| **DAVID HOPKINS PLEMONS, JR.** ) | |
|     Plaintiff, ) | |
| v. ) | Case No. 3:18-cv-00845 |
| ) | Judge Campbell/Frensley |
| **RUSSELL WASHBURN, ET AL** ) | |
|     Defendants. ) | |

### REPORT AND RECOMMENDATION

#### I. Introduction and Background

This matter is before the Court upon Plaintiff's Motion for Summary Judgment. Docket No. 62.[1] Defendants Brun has filed a response in opposition to Plaintiff's Motion, arguing that Plaintiff's Motion fails to comply with the Federal and Local Rules. Docket No. 66. Specifically, Defendant Brun argues Plaintiff's motion is deficient in that it fails to provide citation to any evidence in the record in support thereof, in derogation of Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 56(c)(1) and Plaintiff has failed to comply with the mandatory requirement of filing a separate statement of undisputed material facts as required in Local Rule 56.01. *Id.*

Defendant Washburn has filed a separate response in opposition to Plaintiff's motion arguing that Plaintiff failed to comply with the Fed. R. Civ. P. and Local Rules and that the evidence before the Court establishes that Washburn did not violate Plaintiff's Eighth Amendment rights. Docket No. 70. Washburn argues that Plaintiff failed to comply with the Federal Rules of Civil Procedure and Local Rules of Court in that he did not cite to evidence in the record or submit

---

[1] Plaintiff has not filed the requisite supporting Memorandum of Law or Statement of Undisputed Facts, nor has Plaintiff filed any other submissions in a form required by Fed. R. Civ. P. 56 or the Local Rules.

a statement of undisputed material facts. *Id.* He further argues, based upon his declaration (Docket No. 71) that the only actual evidence before the Court establishes that he did not violate the Eighth Amendment (Docket No. 70). Washburn contends that he did not require Plemons to return to a housing unit with gang members who allegedly had sexually assaulted him and did not deny any of his requests for protective custody. Docket No. 71. For the reasons set forth below, the undersigned finds that Plaintiff has failed to comply with Fed. R. Civ. P. 56 and Local Rule 56.01 such that Plaintiff's Motion for Summary Judgment should be DENIED.

## II. FACTS

Plaintiff filed this pro se, in forma pauperis action pursuant to 42 U. S. C. § 1983, alleging *inter alia*, that while in custody he was beaten and raped; that he informed Defendants Washburn and Brun and asked to be moved to protective custody; that Defendants Washburn and Brun failed to place him in protective custody; and he was raped again. Docket Nos. 1, 6, 13, 16 -1, 18, 30 (Plaintiff's Complaint and all amendments and "additions" thereto). Plaintiff further avers that he requested a rape kit, but his request was refused, as was his request for medical assistance. *Id.* He additionally avers: (1) he reported that he had been beaten and raped to the Unit Mangers, the Warden and Defendant Brun; (2) he reported the assault to the designated hot line; (3) he filed a "PREA" report of the incident; (4) he spoke to the internal affairs representative and filed a "more indepth-detailed [sic] report"; (5) he wrote a letter about the second attack and gave the letter to Defendants Hoskins and Caster; (6) he wrote and filed a grievance; and (7) he reported the incident to his Case Manager and Counselor. *Id.*

Defendant Washburn is an employee of CoreCivic who works as the Warden at Trousdale Turner Correctional Center. Docket No. 71, Declaration of Russell Washburn ("Washburn Dec."), ¶ 1. Defendant Washburn did not force Plaintiff to return to a housing unit with gang members

who allegedly had sexually assaulted him and did not refuse any of his requests for protective custody. *Id.*, ¶ 3.

### III. LAW AND ANALYSIS

#### A. Motion for Summary Judgment

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A dispute is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

In order to prevail on a Motion for summary judgment, the moving party must meet the burden of proving the absence of a genuine issue as to material fact concerning an essential element of the opposing party's claim. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986); *Street v. J.C. Bradford & Co.*, 886 F. 2d 1472, 1477 (6th Cir. 1989). In determining whether the moving party has met its burden, the Court must view the evidence in the light most favorable to the nonmoving party. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

Fed. R. Civ. P. 56(c)(1) sets forth the requirement to support factual assertions as follows:

**(c) Procedures.**

    **(1)** *Supporting Factual Positions*. A party asserting that a fact cannot be or is genuinely disputed must support that assertion by:

    **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

3

**(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

### B. Local Rule 56.01(b)

With respect to the requirement to file a Statement of Undisputed Material Facts with Motions for Summary Judgment specifically, Local Rule 56.01(b) provides in relevant part as follows:

> **(b) Statement of Undisputed Material Facts.** In order to assist the Court in ascertaining whether there are any material facts in dispute, any motion for summary judgment made pursuant to Fed. R. Civ. P. 56 must be accompanied by a separate, concise statement of the material facts as to which the moving party contends there is no genuine issue for trial. Each fact must be set forth in a separate, numbered paragraph, the word "response" must be inserted and a blank space provided that is reasonably calculated to allow the non-moving party sufficient space to respond to the assertion that the fact is undisputed. . . . The requirement that a statement of undisputed material facts in the described formal must accompany any motion for summary judgment applies to *pro se* parties. . . .

### C. The Case at Bar

Plaintiff's Motion for Summary Judgment is a 56 page document that completely fails to comply with Fed. R. Civ. P. 56(c)(1) or Local Rule 56.01(b). Plaintiff's Motion has no supporting memorandum of law and fails to cite to the record. Additionally, Plaintiff has failed to file a Statement of Undisputed Material Facts. Plaintiff's status as *pro se* does not excuse him from complying with the Federal and Local Rules. "[W]hile pro se litigants may be granted some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a lay person can comprehend as easily as a lawyer." *See, Jourdan v. Jabe*, 951 F. 2d 108, 109 (6th Cir., 1991). "[T]he lenient treatment of pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F. 3d 413, 416 (6th Cir. 1996).

Plaintiff's Motion fails to establish that there is no genuine dispute as to any material fact and that he is entitled to a judgment as a matter of law. Accordingly, Plaintiff's Motion for Summary Judgment (Docket No. 62) should be DENIED.

## IV. CONCLUSION

For the foregoing reasons, the undersigned finds that Plaintiff has failed to comply with the Federal and Local Rules and has further failed to establish that there is no genuine dispute as to any material fact and that he is entitled to a judgment as a matter of law. Accordingly, the undersigned recommends that Plaintiff's Motion for Summary Judgment (Docket No. 62) be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

*[signature]*
**JEFFERY S. FRENSLEY**
**U. S. Magistrate Judge**