# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **DAVID HOPKINS PLEMONS, JR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **NO. 3:18-cv-00845** |
| **v.** ) | |
| ) | **JUDGE CAMPBELL** |
| ) | **MAGISTRATE JUDGE FRENSLEY** |
| **RUSSELL WASHBURN, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

Pending before the Court is the Magistrate Judge's Report and Recommendation (Doc. No. 83), recommending the Court deny Plaintiff's motion for summary judgment (Doc. No. 62). In the Report, the Magistrate Judge concluded Plaintiff's motion should be denied because it fails to comply with Federal Rule of Civil Procedure 56 and Local Rule 56.01. In response, Plaintiff filed timely objections (Doc. No. 87), to which Defendant Brun (Doc. No. 88) and Defendant Washburn (Doc. No. 89) filed responses. Plaintiff also subsequently filed a document entitled "Federal Rules of Civil Procedure: Under Rule 72(b)" (Doc. No. 93), to which Defendant Washburn has responded (Doc. No. 96).

Under 28 U.S.C. § 636(b)(1) and Local Rule 72.02, a district court reviews *de novo* any portion of a report and recommendation to which a specific objection is made. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). General or conclusory objections are insufficient. *See Zimmerman v. Cason*, 354 F. Appx. 228, 230 (6th Cir. 2009). Thus, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Id.* (quoting *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987)). In conducting

the review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Plaintiff's timely-filed "objections" (Doc. No. 87) are difficult to understand, as they primarily restate his claims for relief and quote various cases and statutes. Plaintiff does not address his failure to comply with the applicable summary judgment rules in filing the motion at issue. Thus, Plaintiff has not stated a viable basis for the Court to reject or modify the Report and Recommendation. To the extent Plaintiff seeks the Court take judicial notice of certain facts by citing to legal authority on judicial notice, the Court declines the request as Plaintiff has not established judicial notice of the facts on which his claim is based would be appropriate under applicable law.

As for Plaintiff's Rule 72(b) filing (Doc. No. 93), the Court concludes the filing is untimely as having been filed over a month after the Report and Recommendation was issued. In any event, Plaintiff does not address the substance of the Report in the filing, nor does he otherwise state a basis for rejecting the Report.

For these reasons, Plaintiff's filings fail to state viable grounds to challenge the Magistrate Judge's conclusion, and do not otherwise provide a basis to reject or modify the Report and Recommendation. Accordingly, the Report and Recommendation is adopted and approved, and Plaintiff's motion for summary judgment (Doc. No. 62) is **DENIED.**

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE