IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAVID HOPKINS PLEMONS, JR. )<br>　　　Plaintiff, )<br>v. )<br>　　　　　　　　　　　　　　　　)<br>RUSSELL WASHBURN, ET AL )<br>　　　Defendants. ) | Civil Action No. 3:18-cv-00845<br>Judge Campbell/Frensley |

## REPORT AND RECOMMENDATION

On October 2, 2018, the Court referred this prisoner civil rights action for pretrial proceedings under 28 U.S.C. § 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court. Docket No. 17.

Plaintiff David Plemons filed this action while an inmate of the Tennessee Department of Correction confined at the South-Central Correctional Facility ("SCCF") in Clifton, Tennessee. However, his complaint concerns events that occurred when housed previously in the Trousdale Turner Correction Center ("TTCC") in Hartsville, Tennessee. Docket No. 1 Plaintiff filed this pro se and *in forma pauperis* action pursuant to 42 U. S. C. § 1983, seeking relief against prison official based on allegations that his constitutional rights were violated at the TTCC. *Id.* Upon initial review, the Court found that Plaintiff stated a colorable § 1983 claims for failure to protect and deliberate indifference to medical need against the Defendants. Docket No. 17.

Pursuant to the October 2, 2018, Order, the Clerk mailed to Plaintiff service packets for him to complete and return so that process could issue in this case. Plaintiff returned the service packets on October 12, 2018, and summons issued. Docket No. 20. The summonses were returned unexecuted as to Defendants Hoskin, Caster and Williams. Docket Nos. 24-26. On April 24, 2019, the Clerk of Court denied Plaintiff's Motion for Default as to Defendants Williams, Caster and

Hoskins finding that these Defendants had not been served with the Complaint and summons. Docket No. 56. The Clerk also noted that no further attempts by Plaintiff to serve these Defendants was reflected in the record. *Id.* Plaintiff was advised that it his was responsibility to locate the Defendants and properly serve them. *Id.* To date, Plaintiff has not made any type of response to the April 24, 2019 Order or otherwise attempted to perfect service on the remaining Defendants. The docket for the case indicates that Plaintiff has had no contact with the Court or made any filings since a Notice of Change of Address on September 18, 2019. Docket No. 109.

Rule 4(m) requires that the defendants be served with process within 90 days of the date this action was filed and provides that, in the absence of a showing of good cause by the plaintiff for why service has not been timely made, the Court "must dismiss" the action without prejudice. Because Defendants in this case have not been served with process within the time period set out in Rule 4(m), this action should be dismissed.

It is also well settled that Federal trial courts have the inherent power to manage their own dockets, *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1961), and Rule 41(b) of the Federal Rules of Civil Procedure permits the Court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. *See Carter v. City of Memphis, Tennessee*, 636 F. 2d 159, 161 (6th Cir. 1980). Plaintiff's failure to serve or even attempt to serve the remaining Defendants as directed or to otherwise take any activity in the case for over two years indicates that he has lost interest in prosecuting his case. Likewise, there can be no good cause by the Plaintiff as to why service has not been timely made as to the remaining Defendants in this action especially given the Clerk's admonition to Plaintiff in April of 2019 (Docket No. 56).

For the reasons set forth herein, the Court recommends this action be **DISMISSED**

**WITHOUT PREJUDICE** in accordance with Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure.[1]

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

JEFFERY S. FRENSLEY<br>
**United States Magistrate Judge**

---

[1] This Report and Recommendation provides notice to Plaintiff of the Court's intention to *sua sponte* dismiss the action, and the fourteen-day period for filing objections provides him with the opportunity to show good cause why the action should not be dismissed.

3

Case 3:18-cv-00845    Document 121    Filed 09/15/21    Page 3 of 3 PageID #: 1126